UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERNATIONAL ENERGY VENTURES MANAGEMENT LLC, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2754 |
| | § | |
| UNITED ENERGY GROUP, LTD., *et al*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

**I.**

Before the Court are the defendants', United Energy Group, LTD ("UEG") and Sean Mueller, joint motion to dismiss based on insufficient service of process and lack of personal jurisdiction and failure to state a claim, respectively. The Court has reviewed the motions, the responses and replies and determines that the motions of United Energy and Mueller should be granted.

**II.**

The facts underlying this dispute are essentially undisputed. The plaintiff, International Energy Ventures Management, LLC ("IEVM"), is an expert in the oil and gas fields in Pakistan. The fields in question were owned by a British Petroleum ("BP") subsidiary that desired to sell them. The fields are known as the "BP Pakistan Assets." The plaintiff, IEVM, entered into a compensation agreement whereby IEVM would assist the defendant, UEG, in evaluating and possibly acquiring the BP Pakistan Assets. In turn, UEG would pay IEVM a consulting fee, out-of-pocket expenses and an acquisition fee of six percent of the BP Pakistan Assets. Involved in the presentation to "win" a consulting and acquisition contract with UEG were two individuals

that UEG contends were the agents of IEVM – Sean Mueller and Chen Ping.  Eventually UEG acquired the BP Pakistan Assets and the alleged compensation agreement between IEVM and UEG are now in dispute.

### III.

IEVM commenced its consulting services for UEG as an oral agreement in 2010.  In March 2012, when UEG was about to acquire the BP Pakistan Assets, UEG requested that IEVM perform additional services in connection with UEG's acquisition and, the parties executed a written agreement to that effect.  According to IEVM, the written agreement covered past services performed and for future additional work.  Regarding the agreement, IEVM asserts that the written document:  (a) acknowledged IEVM's prior services as valuable; (b) acknowledged IEVM's right to compensation for the prior services; (c) stated that the written agreement supplemented the prior oral agreement; (d) stated that Texas law governs the interpretation of the agreement; and (e) required that any disputes be resolved by binding arbitration in Houston, Texas under the rules of the American Arbitration Association.

UEG counters that IEVM's suit should be dismissed because:  (a) UEG lacks sufficient contact with Texas for either specific or general jurisdiction; (b) the service attempted through the Texas Secretary of State do not satisfy the strictures for service on an out-of-country nonresident defendant; and, (c) service on the Texas Secretary of State does not render service proper under the Hague Convention.  Therefore, UEG seeks dismissal of IEVM's suit for improper service, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2), 12(b)(4) and 12(b)(5).  In addition to the claims made by UEG, Mueller seeks dismissal of IEVM's claims against him for failure of IEVM to state a justiciable claim against him.

Mueller asserts in his motion to dismiss and reply to IEVM's response that the facts asserted by IEVM fail to state a claim against him. In its suit, IEVM asserts claims for breach of contract, promissory estoppel, fraud and quantum meruit. Mueller points out that these claims may form the basis for a suit against UEG but do not concern him. Mueller urges that a review of IEVM's complaint reveals no facts demonstrating that he was a party to any agreement between IEVM and UEG. Moreover, he asserts, he had no written or oral agreement with IEVM.

In responding to Mueller's motion, IEVM stands on its pleadings arguing that the Court must accept as true its pleading for purposes of Mueller's Rule 12(b)(6) motion. Mueller counter argues that there are no facts pled linking him to the dispute between IEVM and UEG. The Court notes that no additional facts are proffered in IEVM's response. Therefore, Mueller asserts, IEVM's suit against him should be dismissed. First, the Court addresses Mueller's claim.

## IV.

Federal Rule 12(b)(6) does decree that a court must accept as true "all well-pleaded facts" when considering a motion to dismiss. The operative language through is "well-pleaded facts." Therefore, a pleading that simply sets forth claims, such as, breach of contract, fraud promissory estoppel and quantum meruit are not to be confused with pleaded facts. IEVM's pleadings fail to connect Mueller to the alleged misdeeds of UEG. Moreover, the factual pleadings against UEG, fail to state a cause of action on any of the claims asserted. As pled, the facts tend to align IEVM's interest with that of Mueller. The Court is of the opinion that IEVM's factual allegations against Mueller are not inadequate; instead, they do not exist. Therefore, the Court is of the opinion that Mueller's motion should be granted pursuant to FRCP 12(b)(6).

**V.**

The Court turns next to UEG's allegation that IEVM's method for serving its suit failed to satisfy jurisdictional requirements thereby preventing the Court from proceeding with IEVM's claims. The Court rejects IEVM's claim that Mueller's presence in the suit destroys diversity because Mueller is a resident of Texas. Based on a review of the pleadings, the Court determines that Mueller was improperly joined in this suit for the sole purpose of defeating diversity jurisdiction. There are no facts pled that tie Mueller to the dispute that it asserts against UEG save his role with or in behalf of IEVM. Hence, Muller's joinder was fraudulent and does not defeat diversity.

The facts further demonstrate that IEVM's attempt at service of process does not satisfy the rules of the Hague Convention or the Texas Long-Arm Statute. *See* Tex. Civ. Prac. & Rem. Code § 17.041 *et. seq*. Neither, IEVM's pleadings nor its response to UEG's motion, demonstrates that UEG has designated the Texas Secretary of State as its agent for service of process by operation of law or, by engaging in business in this state. Even assuming that UEG executed the contract that is in dispute in Texas, there is no evidence that UEG has been engaged or is engaging in business in the state. IEVM, therefore, must rely upon the terms of the written agreement that was executed on March 12, 2012.

The agreement that forms the basis for this suit is entitled "Indemnity and Release Agreement." It states that the acquisition of the BP Pakistan Assets has been consummated by UEG and that IEVM now seeks to be released from liability as the "facilitator" in the purchase of the oil and gas properties. The original purchase transaction closed in September 2011, and UEG, through this agreement, seeks assistance in evaluating the oil and gas reserves associated with the BP Pakistan Assets properties. In a nutshell, the agreement between IEVM and UEG

covers future "consultancy" and releases IEVM from any litigation that might arise from past consultancies or, between IEVM and UEG for which IEVM might seek indemnity due to, for example, overstated reserves by UEG.

While the agreement acknowledged that past services had been provided by IEVM, for which IEVM had not been paid, it does not establish Texas as the forum for litigating claims for past services. This is so because, although UEG acknowledged by agreement a past debt due IEVM, it does not promise to pay the debt. There is no agreement to pay, therefore, reference in the agreement to Texas law as the governing law, arbitration and a Texas forum, do not apply to past services. The defendant, UEG's motion to dismiss the plaintiff's suit pursuant to FRCP 12(b)(2); (b)(4); and (b)(5) is Granted. The plaintiff has 60 days to seek and effect proper service of process on UEG, otherwise this Order of Dismissal becomes final.

It is so Ordered.

SIGNED on this 25th day of July, 2014.

_____
Kenneth M. Hoyt
United States District Judge